FILED

12 OCT -2 PM 12: 06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL A. DAVIS,<br><br>                          Petitioner,<br><br>                vs.<br><br>UNKNOWN,<br><br>                          Respondent. | Civil No.    12-2198 BEN (KSC)<br><br>**ORDER DISMISSING CASE WITH OUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a document wherein he states that he intends to file a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 to appeal his conviction, but that due to a prison lock-down he has been unable to access the appropriate forms and use the prison law library.  Petitioner states that the statute of limitations expires on September 7, 2012.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

//

//

//

12cv2198

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has not named a Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

//

//

//

12cv2198

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, *in state court*, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims *under the United States Constitution*." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the *due process of law guaranteed by the Fourteenth Amendment*, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner does not allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

//

12cv2198

1          (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
2 United States is removed, if the applicant was prevented from filing by such State action;

3

4          (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively
5 applicable to cases on collateral review; or

6          (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise
7 of due diligence.

8 28 U.S.C. § 2244(d)(1)(A)-(D).

9     The statute of limitations does not run while a properly filed *state* habeas corpus petition

10 is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

11 *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

12 when its delivery and acceptance [by the appropriate court officer for placement into the record]

13 are in compliance with the applicable laws and rules governing filings."). However, absent some

14 other basis for tolling, the statute of limitations does run while a *federal* habeas petition is

15 pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

16     Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

17 habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

18 it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

19 § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

20 habeas relief because he has not alleged exhaustion of state court remedies.

21              **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

22     In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition

23 "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the

24 petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058

25 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner

26 made conclusory allegations instead of factual allegations showing that he was entitled to relief).

27 Here, Petitioner has violated Rule 2(c).  While courts should liberally interpret pro se pleadings

28 with leniency and understanding, this should not place on the reviewing court the entire onus of

12cv2198

1  ferreting out grounds for relief. *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001).   In

2  order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf.*

3  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must

4  be stated, *in the petition*, with sufficient detail to enable the Court to determine, from the face

5  of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897

6  F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit

7  the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564,

8  565 (W.D. Okla. 1989).   Here, the lack of grounds for relief in the Petition prevents the

9  Respondent from being able to assert appropriate objections and defenses.

10  Due to Petitioner's unsatisfactory showing, the Court dismisses the action without

11  prejudice and with leave to amend. Should Petitioner decide to file a new petition, he is advised

12  to *clearly and succinctly* state all grounds for relief using the First Amended Petition form sent

13  to Petitioner with this order.

14  ## CONCLUSION AND ORDER

15  For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and

16  with leave to amend for Petitioner's failure to satisfy the filing fee requirement, name a proper

17  respondent, allege exhaustion of state court remedies, and state a cognizable federal claim.  In

18  order to proceed with the case, Petitioner is advised that he must either pay the $5.00 filing fee

19  or provide adequate proof of his inability to pay the fee, **AND** file a First Amended Petition

20  which cures the pleading deficiencies noted above no later than **November 27, 2012**. *The Clerk*

21  *of Court shall send Petitioner a blank Southern District of California habeas petition form*

22  *and blank in forma pauperis application along with a copy of this Order.*

23  **IT IS SO ORDERED.**

24  DATED: _10/02/2012_

25  Roger T. Benitez
United States District Judge

26

27

28

12cv2198